1:99cv581
DMM  CHS
none  none

# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

**99-581**

NAME: RODOLFO PALMA

**CIV-MIDDLEBROOKS**

PRISON NUMBER: DC# 456014

**MAGISTRATE SORRENTINO**

NAME OF PLACE OF CONFINEMENT: GLADES CORRECTIONAL INSTITUTION

ADDRESS OF PLACE OF CONFINEMENT: 500 ORANGE AVENUE CIRCLE

BELLE GLADE, FLORIDA 33430

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA,

_____ DIVISION

CASE NO._____
(TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

RODOLFO PALMA_____, PETITIONER
(FULL NAME)     (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

VS.

MICHAEL MOORE, Secretary, Florida Dept. of Correc._, RESPONDENT
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _____

ROBERT A. BUTTERWORTH_____, ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

(Rev. 1/97)                                 1

## PETITION

1. Name and location of court which entered the judgment of conviction under attack and state court case number(s): **Eleventh Judicial Circuit, In and for Dade County, Florida**

2. Date of judgment of conviction: **December 11, 1995**

3. Length of sentence: **9 years Florida State Prison**

4. Sentencing judge: **JUDGE ALAN POSTMAN**

5. Nature of offense or offenses for which you were convicted: **(6) Counts of Kidnapping with a weapon (1) Count of Armed Robbery (1) Count of Armed Burglary**

6. What was your plea? (Check one)

    (a) Not guilty      ( )
    (b) Guilty          ( )
    (c) Nolo contendere (X)

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **NA**

7. Type of trial: (Check one)

    (a) Jury ( )        (b) Judge only ( )

8. Did you testify at the trial? Yes ( )   No ( )

2.

9. Did you appeal from the judgment of the conviction? Yes ( )   No (X)

10. If you did appeal, answer the following:

    (a) Name of court __NA_____

    (b) Result _____

    (c) Date of result _____

    If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details: __NA_____

11. Did you file any postconviction motions under either Florida Rule of Criminal Procedure 3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction?   Yes (X)   No ( )

12. If you did file any matters within the realm of question 11, answer the following as to each motion or petition. Attach separate pages as needed for each motion or petition filed.

    (a) The type of motion/petition filed __Rule 3.850 Post Conviction__

    (b) Date motion/petition filed __March 10 1997__

    (c) Name of court __Eleventh Judicial Circuit__

    (d) Result __Denied Without Evidentiary Hearing__

    (e) Date of result __May 30, 1997__

13. If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court?   Yes ( )   No (XX)

    As to each motion or petition (attach separate pages as needed) indicate:

    (a) Name of court where appeal filed _____

    (b) Date appeal filed _____

    (c) Result _____

    (d) Date of result _____

3.

13A   Second Motion

    (a)   Type of Motion filed <u>Rule 3.850 Post Conviction</u>

    (b)   Date Motion Filed <u>November 5, 1997</u>

    (c)   Name of Court <u>Eleventh Judicial Circuit</u>

    (d)   Result <u>Denied Without Evidentiary Hearing</u>

    (e)   Date of Result <u>December 11, 1997</u>

    (f)   Decision Appeal to <u>Third District Court of App.</u>

    (g)   Date Appeal <u>December 20, 1997</u>

    (h)   Result <u>Percuriam Affirmed</u>

    (i)   Date of Result <u>June 17, 1998</u>

14. State *concisely* every ground on which you claim you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by the violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.   Ground one: __INEFFECTIVE ASSISTANCE OF COUNSEL__

Supporting FACTS (tell your story *briefly* without citing cases or law):
Defense counsel Joseph Imperto failed to move to suppress the post arrest statemen made by the petitioner, where the police officer never gave the miranda warning and state were involuntary made by coercion.

Exhaustion of ground one in the state courts:

(1)   Did you raise ground one in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )   **NA**

(2)   After your conviction did you raise ground one in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (X)   No ( )

(a)   If your answer is "yes", then state:

i.   Date motion filed __November 5, 1997__

ii.  Whether you received an evidentiary hearing __No__

iii. Result __Denied__

iv.  Date of result __December 11, 1997__

(b)   If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes (X)   No ( )

(Rev. 1/97)                                     5

    i. If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

_____

    ii. Date appeal filed, result of appeal, and date of result __Filed December 20, 1997 / Affirmed June 17, 1998__

(3) Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida?
Yes ( )   No (X)

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

_____

_____

_____

_____

B. Ground two: __INEFFECTIVE ASSISTANCE OF COUNSEL__

Supporting FACTS (tell your story *briefly* without citing cases or law):
Defense counsel Joseph Imperto rendered ineffective assistance of counsel when he allowed the petitioner to enter a plea without informing him of the consequences or whether he understood the nature of the charge. Trial court also failed to determine a factual basis for the plea.

Exhaustion of ground two in the state courts:

(1) Did you raise ground two in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )   **NA**

(2) After your conviction, did you raise ground two in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (**X**)   No ( )

    (a) If your answer is "yes", then state:

        i. Date motion filed **November 5, 1997**

        ii. Whether you received an evidentiary hearing **No**

        iii. Result **Denied**

        iv. Date of result **December 11, 1997**

    (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes (**X**)   No ( )

        i. If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why _____

        ii. Date appeal filed, result of appeal, and date of result **Filed December 20, 1997 / Affirmed June 17, 1998**

(3) Have you raised ground two in any other petition, application or motion filed in the state courts of Florida?
Yes ( )   No (**X**)

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

C.  Ground three: **INEFFECTIVE ASSISTANCE OF COUNSEL**

Supporting FACTS (tell your story *briefly* without citing cases or law):
Defense counsels Joseph Imperto, George Luis Garcia, and Seymour Leonard rendered ineffective assistance of counsel, for failing to file a motion discharge the petitioner pursuant to the speedy trial rule.

Exhaustion of ground three in the state courts:

(1) Did you raise ground three in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )   **NA**

(2) After your conviction did you raise ground three in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (**X**)   No ( )

   (a) If your answer is "yes", then state:

      i. Date motion filed **November 5, 1997**

      ii. Whether you received an evidentiary hearing **No**

      iii. Result **Denied**

      iv. Date of result **December 11, 1997**

   (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes (**X**)   No ( )

        i. If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

        ii. Date appeal filed, result of appeal, and date of result __Filed December 20, 1997 / Affirmed June 17, 1998__

(3) Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida?
Yes ( )   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

D. Ground four: __NA__

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

Exhaustion of ground four in the state courts:

(1)   Did you raise ground four in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )

(2)   After your conviction did you raise ground four in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No ( )

    (a)   If your answer is "yes", then state:

        i.   Date motion filed _____

        ii.  Whether you received an evidentiary hearing _____

        iii. Result_____

        iv.  Date of the result_____

    (b)   If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes ( )   No ( )

        i.   If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

        ii.  Date appeal filed, result of appeal, and date of result _____

(3)   Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

_____

_____

_____

_____

15. Have you previously filed any petitions, applications, or motions with respect to your judgment and conviction in any federal court?
    Yes ( )   No (X)

16. If your answer to 15 was "yes", give the following information:

    (a) (1) Name of court __NA_____

        (2) Nature of proceeding and date action filed _____
            _____

        (3) Grounds raised _____
            _____
            _____
            _____
            _____
            _____
            _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court __NA_____

        (2) Nature of proceeding and date action filed _____

        (3) Grounds raised _____
            _____
            _____
            _____
            _____

(Rev. 1/97)                                          11

      (4)    Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

      (5)    Result __NA_____

      (6)    Date of result _____

(c)    Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

      (1)    First petition, etc.    Yes ( )   No ( )
      (2)    Second petition, etc.  Yes ( )   No ( )

(d)    Date appeal filed _____

      Result of appeal and date of result _____

(e)    If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

17.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )   No (X)

18.    If you have previously filed a petition for writ of habeas corpus related to this conviction and sentence in federal court, you must first move in the appropriate court of appeal for an order authorizing the federal district court to consider the application. Have you filed such a motion? Yes ( )   No ( )

    If your answer to question 18 is yes, provide the following information:

    (a)    Name of court where motion filed ___NA_____

    (b)    Date motion filed _____

    (c)    Result and date of result _____

If your answer to question 18 is no, indicate why you failed to do so _____

19. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Gear Seymour Leonard, 1501 N.W. 14th Street  Miami, Florida 33145

   (b) At arraignment and plea  Garcia, George Luis, 3056 S.W. 17th Street  Miami, Florida 33145

   (c) At trial  Entered a plea

   (d) At sentencing  Imperato, Joseph, Public Defenders Office 1320 N.W. 14th Street  Miami, Florida 33125-1626

   (e) On appeal  NA

   (f) In any post-conviction proceeding  Pro Se

   (g) On appeal from any adverse ruling in post-conviction proceeding  Pro Se

20. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (X)   No ( )

21. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes ( )   No (X)

   (a) If so, give name and location of court which imposed sentence to be served in the future: NA

   (b) Date and length of sentence to be served in the future: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes ( )   No (X)

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $250,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).**

I declare that under penalty of perjury that the foregoing is true and correct.

Executed on _____
                        Date

_____
                                    Signature

_____
Signature of Attorney (If Any)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Office of the Attorney General, Miami Regional Office, Rivergate Plaza, Suite 958, 444 Brickell Avenue, Miami, Florida 33131 via the U.S. mail this 17th day of February 1999.

_____
Rodolfo Palma 456014
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, Florida 33430